Ramon Faz **GONZALEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–85–047–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 5, 1985.

Rehearing Denied Aug. 21, 1986.

Peter W. Lewis, Professor at South Texas College of Law, (T. Donald Moran, of counsel), Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Richard Anderson, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a murder conviction. After finding the appellant guilty, the jury sentenced appellant to twenty-two years confinement. Appellant asserts thirteen grounds of error.

On April 1, 1984, appellant shot Javier Solis five times, causing Solis's death. Appellant admitted that he shot the deceased, but contended that he acted in self-defense.

■ In three grounds of error, appellant contends that the trial court improperly excluded certain portions of the testimony of the witnesses Reyes, Russell, and Faz, based on the State's objection that such testimony was hearsay. Appellant argues in each instance that the testimony was offered to show his mental state, rather than the truth of the matter asserted, and therefore, the evidence should have been admitted as an exception to the hearsay rule.

An identical issue to that raised by appellant was addressed by the Texas Court of Criminal Appeals in *Romo v. State*, 568 S.W.2d 298, 304 (Tex.Crim.App.1977). In *Romo*, the court stated that the record failed to disclose what the witness' testimony would have been if the court had allowed the witness to testify. As a result, the court held that the error, if any, had not been preserved for review. *Id.* In the instant case, appellant also failed to preserve error by filing bills of exception.

■ Appellant also contends that the Russell testimony should have been admitted under the rule of "optional completeness." Tex.Code Crim.Proc.Ann. art. 38.24 (Vernon 1979). However, in order to preserve error, an objection at trial must comport with the complaint raised on appeal. *Van Byrd v. State*, 605 S.W.2d 265, 269 (Tex.Crim.App.1980). Here too, appellant failed to raise this issue in the lower court. No error has been preserved. Appellant's first, third, and fifth grounds of error are overruled.

■ In his second, fourth, and sixth grounds of error, appellant contends that the exclusion of the testimony of the witnesses Reyes, Russell, and Faz denied him the right of confrontation as provided by the United States and Texas Constitutions. We disagree with this contention because the constitutional guarantees are applicable to witnesses testifying against a person. These witnesses, whose testimony was partially excluded, were testifying for appellant, not against him.

■ Appellant concedes that he never raised this issue at trial, and as noted above, he failed to make a bill of exceptions. Appellant cites *Harris v. State*, 642 S.W.2d 471 (Tex.Crim.App.1982), for the proposition that a bill of exceptions was not necessary in order to preserve error. However, *Harris* is distinguishable from the instant case because the record in *Harris* was fully developed concerning the facts the defense sought to establish. *Id.* at 479. The instant case, however, is more analogous to the facts in *McManus v. State*, 591 S.W.2d 505 (Tex.Crim.App.1979), where the court held that since the appellant had failed to perfect a bill of exceptions regarding the excluded testimony, and the record had not been fully developed, no error was shown. *Id.* at 525.

Even assuming that the record had been fully developed, the Texas Court of Criminal Appeals has stated that a party must assert a sixth amendment objection. *Parker v. State*, 649 S.W.2d 46, 54 (Tex.Crim. App.), *cert. denied*, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). Even a constitutional error can be waived due to a failure to object. *Id.*

Appellant's second, fourth and sixth grounds are overruled.

■ In his seventh ground of error, appellant contends that the trial court erred in refusing to declare a mistrial after the State asked him whether his wife could testify that the deceased had threatened appellant's family. In Texas, spouses may not testify against each other in criminal prosecutions. Tex.Code Crim.Proc.Ann.

art. 38.11 (Vernon 1979). Although there are exceptions to the rule, none of them applies in the instant case. Thus, appellant's wife was an incompetent witness for the State.

In the instant case, however, the State was not attempting to call appellant's wife as a witness, but was cross-examining appellant about his statement that the deceased had told his wife he would kill appellant when he saw him. The court overruled appellant's objection to the question "so, if your wife were here, she could testify ...", but sustained appellant's objection as to what she would testify.

Appellant argues that the questions posed by the State suggested to the jury that appellant knew what his wife's testimony would be, and for that reason, he was preventing her from testifying. He concludes that this line of questioning indicated to the jurors that if his wife testified, she would have shown him to be a "liar." We have reviewed this line of questioning, and we are of the opinion that appellant is placing a strained construction upon the questions.

It appears that the State's attorney, by his questions, was suggesting that if appellant's wife were to testify, her testimony would corroborate, rather than contradict, the testimony of appellant.

Appellant's reliance on *Fisher v. State*, 511 S.W.2d 506 (Tex.Crim.App.1974), is misplaced. *Fisher* held that it is permissible for the State to comment on a defendant's failure to call his wife as a witness where she is a fact witness to the alleged offense. It also held that the State, in its closing argument, may even include an inference that the absent testimony would have been material and damaging. *Id.* at 507–08.

It appears that reversible error will be committed: (1) where the State attempts to call the defendant's spouse as an adverse witness to testify against the defendant, and (2) where the effect of the State's action is to convey the impression to the jury that, if a person is allowed to testify, the testimony would rebut his/her spouse's testimony. *Johnigan v. State*, 482 S.W.2d

209, 211 n. 1 (Tex.Crim.App.1972); *see, e.g., Rogers v. State*, 687 S.W.2d 337, 343 (Tex. Crim.App.1985).

In the instant case, the State did not attempt to call appellant's wife as a witness, and its questions did not imply that her testimony would contradict appellant's testimony. Appellant's seventh ground of error is overruled.

■ In his eighth and ninth grounds of error, appellant contends that the trial court erred in not granting his motion for a directed verdict because the State failed to rebut his evidence that he acted in self-defense, and that there was "insufficient evidence for the jury to conclude that appellant did not act in self-defense."

The evidence shows that at one time appellant and the deceased had been friends and carpooled together. It also shows that in January of 1984, the two had a fight. Appellant testified that the deceased initiated the confrontation because the deceased refused to take appellant home from work. However, there is other evidence that the confrontation occurred as a result of appellant's refusal to pay the deceased the $40.00 he owed him from carpooling. Approximately two weeks later, the parties had another altercation. Appellant also testified that the deceased had stated he was going to kill appellant some day. Appellant testified that there were witnesses to these altercations, but none of the witnesses was called to testify at trial.

Appellant further testified that he quit his job and changed his residence in order to avoid any contact with the deceased. He did not know whether the deceased knew where he had moved, but he testified that he would hide inside his apartment when he saw the deceased at his apartment complex.

On the day of the shooting, appellant was at a tire shop. The deceased drove up and partially blocked appellant's car. Appellant testified that, to avoid a confrontation, he went to his truck, took his gun out of the glove compartment, and hid it under his shirt. However, appellant's father-in-

law gave a statement to the police indicating that appellant grabbed a gun from the compartment and shot the deceased.

There is also evidence that the deceased approached appellant and started to argue with him and threaten him regarding the "debt." At that time, a customer approached the tire shop, and appellant pushed the deceased's hands off the door of his car to get out and assist the person. Apparently, the deceased continued to shout at appellant, and when the deceased reached toward his waist, appellant shot him. Appellant testified that he did not intend to kill the deceased. He stated that he shot him five times because he was afraid of the deceased, and because the deceased continued to move toward him.

One witness saw the men arguing before the shots were exchanged but did not see any type of physical confrontation. Another witness stated that at the time the shots were fired, appellant and the deceased were approximately three to five feet apart.

For a reviewing court to hold, as a matter of law, that a defendant in a homicide prosecution killed in self-defense, the evidence must be uncontradicted and no issue must exist for the jury's determination. *Else v. State*, 666 S.W.2d 251, 252 (Tex. App.—Dallas 1984, pet. ref'd.). In the instant case, the only evidence presented on the issue of self-defense was from appellant, and his testimony was often contradictory.

The facts in *Rios v. State*, 510 S.W.2d 326, 327 (Tex.Crim.App.1974), are quite similar to the facts in the present case. In *Rios*, the defendant shot a person he allegedly owed a debt. The deceased had threatened to kill the defendant if he did not pay him the following day. The next day, the defendant armed himself and waited for the deceased at their agreed meeting place. The defendant testified that he was afraid of the deceased, and when the deceased reached under his shirt, the defendant shot him. The court held that self-defense was a fact question to be determined by the jury. *Id.*

Although appellant may disagree with the jurors' finding, the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to testimony. *Penagragh v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). A jury is entitled to accept one version of the facts and reject another or reject any or all of a witness' testimony. *Id.*

In the instant case, the testimony of the witnesses as to what they heard and saw was sufficient to contradict appellant's version of the shooting. This evidence, along with appellant's contradictory statements, placed appellant's claim of self-defense at issue. The trial court properly refused to grant appellant's motion for a directed verdict, and we hold that there was sufficient evidence for the jury to conclude that appellant did not act in self-defense. Appellant's grounds of error eight and nine are overruled.

■ In his grounds of error ten and eleven, appellant contends that the trial court erred in allowing the State to impeach him with an inadmissible prior custodial statement.

In the State's cross-examination of appellant, he was asked if he remembered making a statement to Detective Espanoza on the night he was arrested. Appellant objected, and after a discussion at the bench, the court ruled that Detective Espanoza would not be allowed to testify because he had been present in the courtroom after the "rule" had been invoked.

Afterwards, the State again attempted to question appellant regarding the purported statement made to Detective Espanoza. Over objection, the State was permitted to question appellant at great length regarding the statement. Appellant's testimony was confusing and contradictory at times. At the close of the evidence, appellant moved for a mistrial on the ground that article 38.22 of the Texas Code of Criminal Procedure had been violated.

Appellant contends that section 3 and section 5 of article 38.22 are in conflict and that section 3 overrides section 5 regarding

the use of an oral statement. Section 3 and 5 in pertinent part are as follows:

Sec. 3(a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless: (Provisions ˏare then made for the types of electronic recordings that may be used and the method of taking statements so as to make the electronic recordings admissible).

Sec. 5 Nothing in this article precludes the admission of a statement made by the accused in open court at ˉhis trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law.

Tex.Code Crim.Proc.Ann. art. 38.22 (Vernon 1979 & Supp.1985).

Appellant asserts that the case of *Alfaro v. State,* 638 S.W.2d 891 (Tex.Crim.App. 1982), is dispositive of the conflict. The fallacy of this assertion is that the facts of *Alfaro* occurred prior to section 3 being amended in 1981, and the court's construction in *Alfaro* is no longer applicable. The Texas Court of Criminal Appeals addressed this issue in *Garrett v. State,* 682 S.W.2d 301, 305 (Tex.Crim.App.1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985), wherein it stated:

Since the amendments to Art. 38.22, Sec. 3, effective September 1, 1981, the use of oral statements for impeachment is governed by Art. 38.22, Sec. 5, which provides that oral statements stemming from custodial interrogation are admissible for impeachment purposes if voluntarily made.

*Id.* (footnote omitted).

We first note, that the State was not permitted to get into evidence the oral statements about which appellant is complaining. The record reflects that Detective Espanoza had interrogated appellant on the night of appellant's arrest. At the time of trial, the detective was not allowed to testify because he had been present in the courtroom after the "rule" had been invoked. We next note, that even if the detective had been able to testify about appellant's oral statements, *Garrett* makes it quite clear that his testimony would have been admissible for impeachment purposes. Appellant's tenth and eleventh grounds of error are overruled.

◼ In his ground of error twelve, appellant contends that the trial court erred in overruling his objections to the State's closing argument concerning the purported statement made to Detective Espanoza. The court sustained some of appellant's objections that the State's argument was outside of the record. Other objections, such as the State's arguments over the words "have" and "pay," appear to have been outside of the record; however, appellant's attorney had stated in his closing argument that the word "debt" in Spanish means money or life. It appears reasonable, therefore, to surmise that the State was responding to appellant's argument and was within the permissible bounds of jury argument.

◼ The approved areas of closing argument include summations of the evidence, reasonable deductions from the evidence, answers to argument of opposing counsel, and pleas for law enforcement. *Todd v. State,* 598 S.W.2d 286, 296–97 (Tex. Crim.App.1980). We are of the opinion that the State's closing argument did not exceed the limitation set forth in *Todd.* Appellant's twelfth ground of error is overruled.

◼ In his final ground of error, appellant contends that he was denied his right to confront Detective Espanoza in violation of the Texas and United States Constitutions. Appellant does not explain how his constitutional rights have been violated but asserts that Detective Espanoza was in

fact a witness for the State. We are unable to understand appellant's position since at trial he objected to Detective Espanoza testifying because he had violated the "rule." His objection was sustained, but he now complains that he was denied his right to confront the detective. His position is inconsistent. Nevertheless, as appellant failed to raise this issue at trial, it is waived.

Appellant's thirteenth ground of error is overruled, and the judgment of the trial court is affirmed.

### SUPPLEMENTAL OPINION

Following this court's denial of appellant's motion for rehearing, the State filed its own motion for rehearing. The State submits that we applied a confrontation clause analysis to the exclusion of witnesses, Miguel Humberto Reyes and Valvino Faz, when appellant's original grounds of error raised issues under the compulsory process clause of the federal and state constitutions.

 An accused's right to compulsory process for obtaining witnesses is embodied in both federal and state law. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex.Code Crim.Proc.Ann. art. 1.05 (Vernon 1977). The United States Supreme Court has described this right as:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Washington v. Texas*, 388 U.S. 14, 18, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). Therefore, a guarantee of compulsory process for obtaining witnesses means that the accused is entitled to invoke the aid of the law to compel the personal attendance and actual presence of a witness at his trial when his presence is obtainable. *Sigard v. State*, 537 S.W.2d 736, 739 (Tex.Crim.App. 1976).

In the instant case, appellant complains that his right was violated when Reyes and Faz were prevented from testifying when the State's hearsay objection was sustained. Appellant's argument is unmeritorious.

Both Reyes and Faz testified at appellant's trial. Moreover, although appellant may believe the excluded testimony was vital to his defense, he failed to preserve error on two grounds. First, as stated in our original opinion, he failed to make a bill of exceptions that would disclose what the witnesses would have testified. Secondly, appellant never objected that his right to compulsory process had been violated. We conclude that the appellant has waived this issue. *See Parker v. State*, 649 S.W.2d 46, 54 (Tex.Crim.App.), *cert. denied*, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). The State's motion for a rehearing is denied.