MEMORANDUM OPINION

No. 04-04-00216-CR

Thomas STEVENS,
Appellant

v.

The STATE of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2003CR5454
Honorable Mark Luitjen, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   June 29, 2005

AFFIRMED
            After a trial on the merits, Thomas Stevens was found guilty of assault bodily injury- family,
second offense, and sentenced to seven years imprisonment. Stevens filed a timely appeal. After
reviewing the record, his court-appointed attorney has determined that an appeal would be frivolous
and without merit and, as such, has filed a brief pursuant to Anders v. California, 386 U.S. 738
(1967). See also High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel states that
appellant was provided with a copy of the brief and motion to withdraw and was further informed
of his right to review the record and file his own brief. Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex.
App.–San Antonio 1996, no pet.). Stevens has filed a pro se brief.
            In his pro se brief, Stevens contends that he was denied effective assistance of counsel and
suggests legal and factual sufficiency issues. After reviewing the record, we have determined that
none of these issues has merit. 
            For ineffective assistance of counsel, a party must show his attorney’s assistance fell below
an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). The party must also prove, assuming deficient assistance has been proven, that but for his
attorney’s unprofessional errors, the proceedings would have been different. Id. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Id. at 813. Under normal circumstances, the record on direct appeal will
not be sufficient to show that counsel’s representation was so deficient and so lacking in tactical or
strategic decisionmaking as to overcome the presumption that counsel’s conduct was reasonable and
professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the trial record
contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a
serious allegation. Id.; Thompson, 9 S.W.3d at 813. In the majority of cases, the record on direct
appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel. Bone, 77
S.W.3d at 833.
            Stevens argues that his counsel was ineffective because he did not investigate the case and
did not call certain witnesses. According to Stevens, because his counsel did not call some of his
neighbors to testify, he was denied compulsory process. Under both federal and state law, an accused
has the right to compulsory process for obtaining witnesses. See Washington v. Texas, 388 U.S. 14,
18 (1967); Gonzalez v. State, 714 S.W.2d 19, 25 (Tex App.—Houston [1st Dist.] 1985, no pet.); see
also U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05
(Vernon 1977). A guarantee of compulsory process for obtaining witnesses means that the accused
is entitled to invoke the aid of the law to compel the personal attendance and actual presence of a
witness at his trial when his presence is obtainable. Sigard v. State, 537 S.W.2d 736, 739 (Tex. Crim.
App. 1976). In essence, Stevens argues that his counsel, by not calling witnesses, did not invoke this
right to compulsory process. However, the record does indicate why his counsel did not call certain
witnesses to testify. As such, we must presume that his counsel’s decision to not call these witnesses
was trial strategy. See Thompson, 9 S.W.3d at 813.
            Having reviewed the record, we conclude that any claim of ineffective assistance of counsel
would be frivolous and without merit.
            Stevens also suggests that there was insufficient evidence to support his conviction. With
regard to legal sufficiency, we view the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998). At trial, two eyewitnesses testified that they saw Stevens
assault his wife. And, his wife testified that he assaulted her. As such, there is legally sufficient
evidence. 
            In conducting a factual-sufficiency review, rather than viewing the evidence in the light most
favorable to the prosecution, our review is a neutral one of the evidence. Zuniga v. State, 144 S.W.3d
477, 481 (Tex. Crim. App. 2004). There is only one question to be answered in a factual-sufficiency
review: considering all of the evidence in a neutral light, was a jury rationally justified in finding
guilt beyond a reasonable doubt? Id. at 484. Here, Stevens testified that he acted in self-defense.
Unless the available record clearly reveals a different result is appropriate, we must defer to the
jury’s determination concerning what weight to give contradictory testimonial evidence because
resolution often turns on an evaluation of credibility and demeanor of the witnesses’ testimony.
Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). As such, the jury could have reasonably
believed the testimony of two eyewitnesses and his wife and not believed Stevens’s testimony. There
is factually sufficient evidence.
            After reviewing the record, counsel’s brief, and Stevens’s pro se brief, we agree that the
appeal is frivolous and without merit. The judgment of the trial court is affirmed. Furthermore, we
GRANT the motion to withdraw. Nichols v. State, 954 S.W.2d 83, 85-86 (Tex. App.–San Antonio
1997, no pet.); Bruns, 924 S.W.2d at 177 n.1.
 
Karen Angelini, Justice

Do not publish