

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JULIO GARCIA LONGORIA, | § | No. 08-13-00083-CR |
| Appellant, | § | Appeal from |
| v. | § | 409th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20080D06112) |
| | § | |

## O P I N I O N

Julio Longoria appeals his conviction of online solicitation of a minor. *See* TEX.PENAL CODE ANN. § 33.021 (West 2011). A jury found Appellant guilty and the trial court assessed his punishment at imprisonment for a term of three years. We affirm.

### FACTUAL SUMMARY

In 2008, Jaime Rodriguez was a detective with the El Paso Police Department and assigned to EPPD's Internet Crimes Against Children Unit. As indicated by its name, the Internet Crimes Against Children Unit is a task force which addresses child sexual exploitation over the Internet. Rodriguez investigated Internet chat rooms by logging-on and posing as a minor. Rodriguez's computer automatically recorded the "chat log" of the chat-room conversations.

On August 7, 2008, Rodriguez logged-on to an El Paso chat room with the screen name, AlexG. "Guest57" began chatting with AlexG and he asked for ASL which meant age, sex, and location. Rodriguez responded with "15f. Cielo" which indicated that AlexG was a fifteen-year-old female who lived in the Cielo Vista area of El Paso. Guest57 identified himself as "Julio," and said he was 38 years of age, lived in East El Paso, and worked as a limo driver. Julio asked AlexG if she had a boyfriend, and AlexG told Julio that she had broken up with him. Julio responded by asking if she was looking for a boyfriend and suggested he could be her boyfriend, but added that he was just kidding. Julio asked if AlexG was alone, and she replied, "Yeah. Mom at work." Julio suggested that he could come over to AlexG's house, but she refused, stating her mother would kill her. The chat continued and Julio asked AlexG if she wanted to meet. After attempting to narrow down AlexG's location, Julio suggested that they meet at a park near Burgess High School. When AlexG asked what Julio wanted to do when they met, he said that it was up to her. Julio eventually told AlexG: "if you want to have sex, you should tell me." AlexG replied that she was a virgin and she did not want to get pregnant. Julio suggested that they could use a condom or have oral sex. AlexG and Julio agreed to meet at a Diamond Shamrock convenience store, and he said that he would be driving a gold car. Julio also said that he would be wearing a gray shirt and red shorts. The printed log of the chat-room conversation was admitted into evidence as State's Exhibit 1.

Detective Rodriguez went to the Diamond Shamrock and observed a gold car pull into the parking lot. The driver of the gold car was wearing a gray shirt and red shorts. Rodriguez made an in-court identification of Appellant as the driver. Rodriguez took Appellant into

custody, administered the *Miranda*[1] warnings to him, and transported him to the police station. Appellant gave a written statement admitting that he had chatted with a 15-year-old girl about having sex and he confirmed in his statement that the chat log of the conversation with AlexG was a true representation of the conversation. He denied have any intent to actually do anything with the girl and said he was just "trash talking" with her. He also claimed that he knew the girl was not going to show up at the convenience store and he thought it was just a joke. Rodriguez testified that Appellant's gold car contained a document which identified him as a licensed chauffeur for City Lights Limousine, but he admitted on cross-examination that he did not find any condoms, lubricants, or pornography in the vehicle.

Appellant's brother, Robert Longoria, testified for the defense. A detective called Robert and told him that his brother had been arrested for online solicitation. Robert asked the detective whether he knew that Appellant is mentally impaired, but the trial court sustained the State's objection. Robert was permitted to testify that he expressed a concern to the detective regarding Appellant's mental state.

## SUFFICIENCY OF THE EVIDENCE

In Issue One, Appellant challenges the legal sufficiency of the evidence supporting his conviction. He argues that the conviction is based on mere conjecture.

### *Standard of Review and Applicable Law*

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895-96 (Tex.Crim.App. 2010), *citing Jackson v. Virginia*, 443

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  Under that standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.  Because the jury is the sole judge of the weight and credibility of the evidence, we must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014).  Further, we are not permitted to reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder.  *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010).  Our task is to determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt.  *Id.*

When conducting a sufficiency review, we consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence.  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).  The standard of review is the same for both direct and circumstantial evidence cases.  *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010). Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction.  *Hooper*, 214 S.W.3d at 13.  Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.  *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

Section 33.021(c) of the Penal Code provides that:

A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX.PENAL CODE ANN. § 33.021(c). The statute defines "minor" to mean an individual who is younger than 17 years of age, or an individual whom the actor believes to be younger than 17 years of age. TEX.PENAL CODE ANN. § 33.021(a)(1). The terms "sexual contact," "sexual intercourse," and "deviate sexual intercourse" have the meanings assigned by Section 21.01. TEX.PENAL CODE ANN. § 33.021(a)(2).

### The Indictment

The indictment contains three paragraphs. Paragraph A alleged that Appellant, with intent that Jaime Rodriguez, a minor would engage in sexual intercourse with Appellant, knowingly solicited Rodriguez over the Internet to meet with Appellant. Paragraphs B and C of the indictment contain the same allegations except they allege deviate sexual intercourse and sexual contact, respectively. The application paragraphs track the indictment.

### Review of the Evidence

Appellant makes a general challenge to the sufficiency of the evidence and does not specify which elements the State failed to prove. When taken in the light most favorable to the jury's verdict, the evidence showed that Appellant contacted Jaime Rodriguez over the Internet and Appellant believed Rodriguez to be a female individual younger than 17 years of age. Appellant admitted to the officers that he had contacted a fifteen-year-old girl over the Internet

- 5 -

and they had agreed to meet at the convenience store. Appellant also admitted that the chat log shown to him by the detectives was correct. According to the chat log, Appellant discussed with AlexG whether she wanted to have sex with him, and when she expressed concern about getting pregnant, he suggested they use a condom or they could have oral sex. Appellant later told Rodriguez that he had no intention of doing anything with the girl and he did not think she would actually show up, but the jury was not required to believe Appellant's denial of intent. We conclude that the evidence is sufficient to permit a rational trier of fact to find that the State proved each element of the offense beyond a reasonable doubt. Issue One is overruled.

## DENIAL OF RIGHT TO COMPULSORY PROCESS

In Issue Two, Appellant contends that the denial of his motion for continuance to obtain the testimony of Dr. David Briones violated his right to compulsory process. The State first responds that Appellant waived his complaint because he did not object in the trial court that the denial of his motion for continuance resulted in a violation of right to compulsory process. We agree.

To raise an issue on appeal, the appellant must first present the complaint to the trial court by a timely and specific objection, request, or motion. *See* TEX.R.APP.P. 33.1. An accused's right to compulsory process for obtaining witnesses is embodied in both federal and state law. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 1.05 (West 2005); *see also Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Even constitutional errors may be forfeited if a defendant fails to object or

- 6 -

otherwise raise an issue in the trial court and obtain an adverse ruling. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex.Crim.App. 2008).

The record reflects that Appellant, just prior to the beginning of jury selection on March 1, 2013, presented to the trial court his written motion for continuance based on the absence of a defense witness, Dr. David Briones. In the motion, Appellant asserted that Dr. Briones was a material witness because he was expected to testify that: "Defendant's mental retardation as an impediment to Defendant's *mens rea* in the crime alleged; goes as to Defendant's ability to formulate an 'intent' as alleged in the indictment." Appellant's counsel informed the trial court that Dr. Briones's assistant had called and informed him that the subpoena had been served on Dr. Briones, but Dr. Briones would probably not be available to testify on "Tuesday."[2] At the time counsel argued the motion to the trial court, the return had not yet been filed. The record reflects that the subpoena was served on Dr. Briones on February 28, 2013, but the return was not filed until March 5, 2013. After hearing the arguments of Appellant and the State, the trial court denied the motion for continuance.

On Tuesday, March 4, 2013, after Robert Longoria testified for the defense, the trial court asked defense counsel to determine whether Dr. Briones was on his way to the courthouse, and if so, what time he might be expected to arrive. When defense counsel returned to the courtroom, he told the court that he was unable to reach Dr. Briones or his assistant, but had left a message. Defense counsel noted that he had spoken with Dr. Briones' assistant earlier that day just before the lunch hour, but he did not explain the nature of that conversation. The trial court

---

[2] The court called the case for trial on Friday March 1, 2013, and the State began its case-in-chief on Tuesday, March 4, 2013.

subsequently asked whether Appellant had any other evidence he wished to present, and defense counsel replied that he did not, and the defense rested. The record reflects that Dr. Briones was served with the subpoena, but he did not appear for trial as directed in the subpoena, even though defense counsel was in contact with Dr. Briones's assistant on the day he was expected to testify. Appellant did not ask the trial court to issue a writ of attachment, and the defense rested without making any objection based on the trial court's alleged denial of Appellant's right to compulsory process. We conclude that Appellant failed to preserve this issue. *See Trenor v. State,* 333 S.W.3d 799, 805 (Tex.App.--Houston [1st Dist.] 2010, no pet.)(appellant waived compulsory process complaint by not raising it in the trial court); *Gonzalez v. State*, 714 S.W.2d 19, 25 (Tex.App.--Houston [1st Dist.] 1985, no pet.)(supp. op. on reh'g)(appellant waived his complaint regarding alleged violation of his right to compulsory process by failing to object on that basis at trial). Issue Two is overruled.

## ADMISSION OF THE CHAT LOG

In Issue Three, Appellant argues that the trial court abused its discretion by admitting State's Exhibit 1, the chat log, because the evidence was not properly authenticated.

### *Authentication*

Texas Rule of Evidence 104(a) provides that the trial court must decide any preliminary question whether evidence is admissible. TEX.R.EVID. 104(a); *see Tienda v. State*, 358 S.W.3d 633, 637-38 (Tex.Crim.App. 2012). This has been described as the court's Rule 104 gate-keeping function. *Tienda*, 358 S.W.3d at 638. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to

support a finding that the matter in question is what its proponent claims. TEX.R.EVID. 901(a). Whether the proponent has crossed this threshold as required by Rule 901 is one of the preliminary questions of admissibility contemplated by Rule 104(a). *Tienda*, 358 S.W.3d at 638. Once the evidence is admitted, the ultimate question whether an item of evidence is what its proponent claims then becomes a question for the jury, or for the trial court if the case is tried to the court. *Id.* When deciding this preliminary question of admissibility, the trial court itself need not be persuaded that the proffered evidence is authentic. *Id.* The trial court is only required to decide whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic. *Id.*

Our review of the trial court's ruling on a preliminary question of admissibility is deferential and we apply the abuse of discretion standard. *Tienda*, 358 S.W.3d at 638. Consequently, we will not interfere with the trial court's ruling that a jury could reasonably find proffered evidence authentic if it falls within the zone of reasonable disagreement. *Id.*

Subsection (b) of Rule 901 includes a non-exclusive list of examples of authentication or identification conforming with the requirements of this rule. TEX.R.EVID. 901(b). One way to authenticate evidence is with testimony that an item is what it is claimed to be. TEX.R.EVID. 901(b)(1); *see Tienda*, 358 S.W.3d at 639. The Court of Criminal Appeals observed in *Tienda* that courts have recognized that electronic evidence may be authenticated in a number of different ways consistent with Federal Rule of Evidence 901 and its various state analogs. *Tienda*, 358 S.W.3d at 639. "Printouts of emails, internet chat room dialogues, and cellular phone text messages have all been admitted into evidence when found to be sufficiently linked to

the purported author so as to justify submission to the jury for its ultimate determination of authenticity." *Id.* *Prima facie* authentication has been found where the purported sender actually admitted to authorship or was seen composing it. *Id.*, at 639-40.

Detective Rodriguez was actually a party to the chat room conversation in his role as AlexG and he identified State's Exhibit 1 as the chat log. Appellant admitted to the detectives that he had chatted online with a fifteen-year-old girl and that the chat log was a true representation of that conversation. The trial court did not abuse its discretion by making a preliminary determination that State's Exhibit 1 is what it is claimed to be, namely, a log of the chat room conversation between Rodriguez (Alex G) and Appellant (Guest 57 or Julio). Issue Three is overruled. Having overruled each issue presented, we affirm the judgment of the trial court.

December 15, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)