**Juan Montanez RIOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47836.**

Court of Criminal Appeals of Texas.

June 5, 1974.

Rehearing Denied June 26, 1974.

William L. Schroeder, Irvin H. Boarnet, New Braunfels, for appellant.

Richard Fielder, Dist. Atty., Lockhart, Paul R. Roberts, Jr., New Braunfels, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

JACKSON, Commissioner.

On appellant's motion for rehearing, we withdraw all prior opinions. We overrule the motion for rehearing and substitute for the opinions withdrawn the following opinion affirming the judgment and denying the motion for rehearing:

The appeal herein is from a conviction for murder with malice; the punishment, fifteen (15) years.

On May 10, 1972, appellant shot Artemio Gonzalez at close range with a 12 gauge sawed-off shotgun. The wound was in the abdomen large enough for a man to thrust in his hand, and the intestines were protruding, from which Gonzalez died some days later. When the police arrived in a few minutes, appellant was behind a bush about 150 feet from the body of Gonzalez, which lay near his truck in front of the door of a tavern known as My Place. Appellant gave the shotgun to the officer and admitted the shooting.

Appellant had borrowed $25 from Gonzalez, but did not pay it back when due. The day before the shooting, Gonzalez came to see appellant and told him if he did not pay the money back the next day at 5:00 P.M. at My Place he would kill him. At that time Gonzalez had a pistol. The next day appellant armed himself with the shotgun, went to My Place and went in before the arrival of Gonzalez. When Gonzalez drove up in his truck, appellant stepped out of the tavern and shot him. No words then passed between them. After he as shot, Gonzalez got his pistol and fired wildly five times into the tavern, but appellant had already left and was not hit.

Appellant testified that he was afraid of Gonzalez, that Gonzalez reached under his shirttail and he thought he was going for a pistol when he shot him. A pistol was found under the truck near Gonzalez immediately after the shooting. Appellant did not see the pistol before he shot Gonzalez. No other witness verified that Gonzalez made the overt movement before the shooting.

It was thus appellant's defense that he shot Gonzalez in self-defense. The court charged fully on defendant's right to defend himself from real or apparent danger, as viewed from appellant's standpoint at the time, in view of all facts known to appellant, including threats.

The question of self-defense was a fact question for the determination of the jury. They resolved this matter against appellant. We cannot say as a matter of law that this decision was error.

The major contention of appellant is that the trial court erred against him in overruling his motion for new trial because of the alleged improper discussion of the parole law by the jurors.

A reexamination of the record reflects that the ground of error advanced reads, "The Appellant's X point of error[1] regards the misconduct of the jury in accessing (sic) the punishment of the Appellant and the Court's refusal to inquire into such misconduct resulting in prejudicing the right of the Appellant to a fair trial."

The ground of error would appear to make clear that the trial court did not hear

---

1. The same should be properly referred to as a ground of error. See Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

evidence on the hearing on the motion for new trial.

The record reflects that appellant's trial was concluded on February 14, 1973. A motion for new trial was filed on February 23, 1973. With leave of court, an amended motion for new trial was filed on March 14, 1973. Paragraph X thereof reads as follows:

"Because the jury was guilty of misconduct in arriving at the length of punishment given to the Defendant. This Court instructed the jury as follows: 'During your deliberations you are not to consider or discuss the possible actions of pardons and paroles or how long Defendant will be required to serve any punishment which you may assess.' The jurors, prior to their reaching a verdict on punishment and during the period of time that they were divided as to punishment, discussed among themselves the fact that under the system of parole in the State of Texas the Defendant could become eligible for parole within three to four years in the penitentiary. Based upon these statements concerning parole within that period of time, the jury then compromised its verdict at fifteen (15) years. Due to this discussion, the jury was guilty of misconduct and the Defendant is entitled to a new trial as a result thereof. In support of this contention, the Defendant herein incorporates into this amended Motion for New Trial the affidavits of FREDDIE HANZ and Robert L. DePasqual, who were jurors in this case."

The attached affidavit of the juror DePasqual reads as follows:

"That I, Robert L. DePasqual, under oath do hereby state that I was a juror in the case of The State of Texas vs. Juan Montanez Rios, Cause No. 6,700, tried in the 22nd Judicial District Court, Comal County, Texas, on the 14th day of February, 1973. Subsequent to the jury verdict of guilty of murder with malice, and prior to our reaching a verdict on punishment, we had discussed giving a minimum of ten years to twenty-five years and opinions were both ways. One of the jurors, who seemed to have some knowledge of the law, stated that if we gave him fifteen years the Defendant would be out on parole in three to four years. The jurors then discussed the parole situation and the fact of the Defendant's being able to get out in that time and relying on this discussion concluded that fifteen years would be a proper punishment in regard to being paroled in three to four years. I, personally, did rely on this discussion and voted for fifteen years."

The attached affidavit of Freddie Hanz is identical with that of juror DePasqual.

At the hearing on the amended motion for new trial on March 15, 1973, the State orally took issue with the allegations of the motion and stated it saw no error reflected thereby, and urged the court to overrule the same.

There was no effort by the appellant to offer the affidavits attached or any other evidence. Without any evidence before it, the court then overruled the amended motion for new trial. No exception was taken to the action of the court.

Article 40.06, Vernon's Ann.C.C.P., provides:

"The State may take issue with the defendant upon the truth of any cause set forth in the motion for a new trial; and in such case, the judge shall hear evidence, by affidavit or otherwise, and determine the issue."

In Vaughn v. State, 456 S.W.2d 141 (Tex.Cr.App.1970), it was held that the allegations in motions for a new trial, even though timely filed, do not prove themselves.

Further, only recently in Stephenson v. State, 494 S.W.2d 900 (Tex.Cr.App.1973), this Court wrote:

"An affidavit attached to the motion is but a pleading that authorizes the introduction of supporting evidence. It is not

evidence in itself; and in order to constitute evidence it needs to be introduced as such at the hearing on the motion, which was not done in this case. Walker v. State, Tex.Cr.App., 440 S.W.2d 653; Davis v. State, Tex.Cr.App., 419 S.W.2d 648; Shelton v. State, 155 Tex. Cr.R. 187, 233 S.W.2d 148. See also, Art. 40.06, V.A.C.C.P."

■ It should also be noted that the State is not required to join issue with a defendant *by a written pleading* to controvert the defendant's motion for new trial. Pitcock v. State, 420 S.W.2d 719 (Tex.Cr. App.1967).

■ Under the circumstances of the instant case, the court did not err in overruling the motion for new trial, for it had no evidence before it.

Since there was no evidence before the trial court on the hearing on the motion for new trial, there is no need for this Court to examine unintroduced affidavits to determine if the same reflects whether the jurors improperly discussed the parole law and its application under standards established by our previous cases.

The appellant's motion for rehearing is overruled. The judgment is affirmed.

Opinion approved by the Court.