TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00597-CR







James Curtis Coleman, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 98-555-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






A jury found appellant guilty of committing (counts one and two) and conspiring
to commit (count three) forgery with the intent to establish, maintain, or participate in a criminal
combination. See Tex. Penal Code Ann. § 71.02(a)(1) (West Supp. 2000). The jury assessed
punishment, enhanced by previous felony convictions, at imprisonment for fifty-five years on
counts one and two, and at imprisonment for twenty years on count three. We will affirm.

In March 1997, seven checks totaling $7300 were negotiated on the account of
Carter Construction, Inc. Each check was made payable to a LaShonda D. Cotton. Scott Carter,
owner of the company, testified that the checks were stolen, that he did not know anyone named
LaShonda Cotton, and that his signature on the checks was forged. 

Scott's niece, Shani Creque, testified that she met appellant while working as
bookkeeper at her uncle's company. Needing money, she was persuaded by appellant to steal and
give to him nine blank company checks, together with a canceled check showing Carter's
signature. Appellant told Creque that he would fill out the checks and forge Carter's signature,
then arrange for a third person to cash them. Creque was to receive one-third of the money so
obtained, and appellant later gave her about $1000.

Sonya King testified that she had known appellant for several months when, in
March 1997, he told her that he had obtained some stolen blank checks and wanted her help in
passing them. King agreed to pose as LaShonda Cotton using a driver's license in that name she
had earlier found in a department store parking lot. On March 19, King cashed four checks drawn
on the Carter Construction account and made payable to Cotton. She cashed three more checks
on March 25. She did not see appellant prepare the checks or sign Carter's name, but he told her
that he had done so. King endorsed Cotton's name on some of the checks, but others had been
endorsed in advance by appellant. Appellant gave King about one-third of the money.

Creque and King cooperated with the police following their arrests. Under the
supervision of the investigating officer, each made a telephone call to appellant. Appellant made
incriminating statements during the ensuing conversations, which were recorded without
appellant's knowledge. These recordings were admitted in evidence at appellant's trial. Appellant
contends that Creque and King were acting as police agents, and that the introduction of the
recordings violated his Fifth Amendment rights under Miranda v. Arizona, 384 U.S. 436 (1966). 
See Cates v. State, 776 S.W.2d 170, 172-74 (Tex. Crim. App. 1989).

Appellant did not make this argument to the district court. The only objections to
the admission of the recordings at trial were to their relevance and their authentication. Because
appellant did not preserve his contention for review, point of error three is overruled. See Tex.
R. App. P. 33.1(a).

In related point of error three (a), appellant urges that the recorded telephone
conversations are the only evidence corroborating Creque and King, and that without the
corroborative recordings their accomplice testimony must be disregarded. See Tex. Code Crim.
Proc. Ann. art. 38.14 (West 1979). Appellant further argues that without the accomplice
testimony, the evidence is legally and factually insufficient to sustain his conviction. Because we
have overruled appellant's contention that the recordings were erroneously admitted, his challenge
to the sufficiency of the evidence necessarily fails. Point of error three (a) is overruled.

Another witness for the State was Caprisha Whitley. She testified that she had seen
appellant in his apartment tracing writing onto a blank piece of paper. Appellant contends that
Whitley, who was seventeen years old, was unlawfully subpoenaed to testify. See Tex. Code
Crim. Proc. Ann. art. 24.011(a) (West 1989). When a witness is under eighteen years of age,
article 24.011 gives a party the option of issuing a subpoena either to the witness or to a person
having custody of the witness. See 41 George E. Dix & Robert O. Dawson, Criminal Practice
and Procedure § 27.75 (Texas Practice 1995). Appellant's contention that Whitley was
unlawfully subpoenaed is based on a misreading of the statute, was not preserved for review, and
is not supported by evidence. (1) Point of error five is overruled.

Appellant next complains of the admission of extraneous offense evidence. Ed
Gleason, appellant's federal probation officer, testified that appellant had been convicted in a
Kentucky federal court for twenty-two counts of bank fraud and mail theft. The evidence in the
federal prosecution showed that appellant or an unknown person working with him stole boxes
of blank checks from mailboxes, that appellant forged the signatures of the account owners to
checks made payable to a female accomplice, and that the accomplice then cashed the forged
checks. 

Evidence of other crimes or wrongs by the defendant is not admissible if it is
relevant only to prove the character of the defendant in order to show that he acted in conformity
therewith. See Tex. R. Evid. 404(b). But extraneous misconduct evidence is admissible if it has
relevance apart from mere character conformity, that is, if it tends to establish an element of the
offense or evidentiary fact of consequence to the determination of the action. See Rankin v. State,
974 S.W.2d 707, 709 (Tex. Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 386-87
(Tex. Crim. App. 1991) (op. on reh'g). The decision to admit or exclude extraneous misconduct
evidence under rule 404(b) is reviewable for an abuse of discretion. See Rankin, 974 S.W.2d at
718 (op. on reh'g); Montgomery, 810 S.W.2d at 391-92.

The State offered the challenged testimony to prove appellant's unlawful intent, an
elemental fact in this prosecution. When the issue addressed is the defendant's intent to commit
the offense charged, the relevance of an extraneous offense derives from the doctrine of
chances--the instinctive recognition of that logical process which eliminates the element of innocent
intent by multiplying instances of the same result until it is perceived that this element cannot
explain them all. See Cantrell v. State, 731 S.W.2d 84, 90 (Tex. Crim. App. 1987). An unusual
or abnormal element might be present in one instance, but the more often it occurs the less likely
it is to be the true explanation. See id. For the doctrine of chances to apply, there must be a
similarity between the charged and extraneous offenses, since it is the improbability of a like
result being repeated by mere chance that gives the extraneous offense probative weight. See
Plante v. State, 692 S.W.2d 487, 492 (Tex. Crim. App. 1985). The degree of similarity
required, however, is not as great when intent is the material issue as when identity is the material
issue and the extraneous offense is offered to prove modus operandi. See Cantrell, 731 S.W.2d
at 90; Wiggins v. State, 778 S.W.2d 877, 885 (Tex. App.--Dallas 1989, pet. ref'd).

In Kentucky, as in the case for which he was on trial, appellant used stolen blank
checks to forge negotiable instruments which he passed with the assistance of a female
accomplice. It was suspected in Kentucky that appellant had another accomplice who stole the
checks, just as he did in the instant case. The district court could reasonably conclude that the
extraneous offense testimony tended to make the existence of appellant's guilty intent more likely
than it otherwise would have been. See Montgomery, 810 S.W.2d at 391 (how to review trial
court's relevance determination). 

Moreover, any error in the admission of the extraneous offense evidence was
harmless. King testified that appellant instructed her to pose as an employee of Carter
Construction and helped her buy clothes that would give her a professional appearance. Appellant
wore gloves whenever he handled the checks in King's presence, and advised King to use clear
nail polish (a bottle of which he kept in his car) to obscure her fingerprints. When King expressed
fear of being caught, appellant assured her that he had done this many times but had rarely been
arrested. King also testified that appellant referred to himself as a "ringleader" and said that
many people cashed checks for him. From this testimony, which was adduced without objection,
the jury could reasonably infer that appellant was an experienced forger. We conclude that the
admission of the challenged extraneous misconduct evidence, if error, did not affect appellant's
substantial rights under the circumstances. See Tex. R. App. P. 44.2(b). Point of error one is
overruled.

Appellant complains of four instances of alleged improper jury argument by the
State. He did not object to the arguments and therefore failed to preserve any error for appeal. 
See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Point of error two is
overruled.

Appellant contends he did not receive effective assistance of counsel at the
punishment stage of his trial. To put this contention in perspective, it must be noted that appellant
waived his right to counsel and elected to represent himself at trial. At the court's insistence,
standby counsel was appointed to assist appellant upon request. On the morning the punishment
stage was to begin, appellant informed the court that he was "too distraught" to continue and
wanted standby counsel to represent him for the remainder of the trial. Counsel told the court that
she had learned of appellant's decision only thirty minutes earlier and was unprepared for the
punishment hearing, and asked for "a minimum of several hours" to interview witnesses and
review the documentary evidence. The court agreed to delay the start of the day's proceedings
for three hours. When trial resumed, counsel announced ready and did not request a further
delay. Counsel subsequently filed a motion for new trial and supporting affidavit alleging that
appellant was denied effective assistance at the punishment stage because she did not have
sufficient time to prepare.

The record reflects that appellant withdrew his waiver of counsel after being
admonished of the possible consequences by both standby counsel and the court. Appellant does
not refer us to any deficiencies in counsel's performance during the punishment phase of trial. 
Neither the motion for new trial nor the supporting affidavit are evidence. See Rios v. State, 510
S.W.2d 326, 328-29 (Tex. Crim. App. 1974). Appellant has not shown that counsel made such
serious errors that she was not functioning effectively. See Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). Point
of error four is overruled.

Appellant was permitted to file a pro se supplemental brief. In the first of his
supplemental points, he contends the district court erroneously refused to give an accomplice
witness instruction. Appellant requested that the jury be instructed that Creque was an accomplice
at the time she testified. The court refused to do so and appellant cites no authority supporting
his entitlement to such an instruction at that time. The court's jury charge included an accomplice
witness instruction of which appellant expressly approved. Supplemental point of error one is
overruled.

Appellant also contends his punishment was improperly enhanced. The offenses
alleged in counts one and two were third degree felonies, while count three alleged a state jail
felony. See Tex. Penal Code Ann. § 71.02(b), (c) (West 1994). Appellant pleaded true to
enhancement paragraphs alleging five final felony convictions. Therefore, the district court
properly instructed the jury that counts one and two were punishable by imprisonment for twenty-five to ninety-nine years or life, and that count three was punishable by imprisonment for two to
twenty years. See Tex. Penal Code Ann. § 12.41(a)(2), (d) (West Supp. 2000). Appellant's
contention that this was an improper "double enhancement" is without merit. See Gant v. State,
606 S.W.2d 867, 871 & n.9 (Tex. Crim. App. 1980); Rawlings v. State, 602 S.W.2d 268, 270
(Tex. Crim. App. 1980). Supplemental point of error two is overruled.

Finally, appellant complains of the admission of the extraneous offense evidence
discussed previously. The supplemental brief contains no new arguments or authorities. 
Supplemental point of error three is overruled.

The judgment of conviction is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: January 13, 2000

Do Not Publish 
1. The affidavit from Whitley on which appellant relies was never introduced in evidence.



ee Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Point of error two is
overruled.

Appellant contends he did not receive effective assistance of counsel at the
punishment stage of his trial. To put this contention in perspective, it must be noted that appellant
waived his right to counsel and elected to represent himself at trial. At the court's insistence,
standby counsel was appointed to assist appellant upon request. On the morning the punishment
stage was to begin, appellant informed the court that he was "too distraught" to continue and
wanted standby counsel to represent him for the remainder of the trial. Counsel told the court that
she had learned of appellant's decision only thirty minutes earlier and was unprepared for the
punishment hearing, and asked for "a minimum of several hours" to interview witnesses and
review the documentary evidence. The court agreed to delay the start of the day's proceedings
for three hours. When trial resumed, counsel announced ready and did not request a further
delay. Counsel subsequently filed a motion for new trial and supporting affidavit alleging that
appellant was denied effective assistance at the punishment stage because she did not have
sufficient time to prepare.

The record reflects that appellant withdrew his waiver of counsel after being
admonished of the possible consequences by both standby counsel and the court. Appellant does
not refer us to any deficiencies in counsel's performance during the punishment phase of trial. 
Neither the motion for new trial nor the supporting affidavit are evidence. See Rios v. State, 510
S.W.2d 326, 328-29 (Tex. Crim. App. 1974). Appellant has not shown that counsel made such
serious errors that she was not functioning effectively. See Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). Point
of error four is overruled.

Appellant was permitted to file a pro se supplemental brief. In the first of his
supplemental points, he contends the district court erroneously refused to give an accomplice
witness instruction. Appellant requested that the jury be instructed that Creque was an accomplice
at the time she testified. The court refused to do so and appellant cites no authority supporting
his entitlement to such an instruction at that time. The court's jury charge included an accomplice
witness instruction of which appellant expressly approved. Supplemental point of error one is
overruled.

Appellant also contends his punishment was improperly enhanced. The offenses
alleged in counts one and two were third degree felonies, while count three alleged a state jail
felony. See Tex. Penal Code Ann. § 71.02(b), (c) (West 1994). Appellant pleaded true to
enhancement paragraphs alleging five final felony convictions. Therefore, the district court
properly instructed the jury that counts one and two were punishable by imprisonment for twenty-five to ninety-nine years or life, and that count three was punishable by imprisonment for two to
twenty years. See Tex. Penal Code Ann. § 12.41(a)(2), (d) (West Supp. 2000). Appellant's
contention that this was an improper "double enhancement" is without merit. See Gant v. State,
606 S.W.2d 867, 871 & n.9 (Tex. Crim. App. 1980); Rawlings v. State, 602 S.W.2d 268, 270
(Tex. Crim. App. 1980). Supplemental point of error two is overruled.

Finally, appellant complains of the admission of the extraneous offense evidence
discussed previously. The supplemental brief contains no new arguments or authorities. 
Supplemental point of error three is overruled.

The judgment of conviction is affirmed.