Opinion issued May 6, 2004





     









In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00160-CR




EDWIN LEIVA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 898504 




MEMORANDUM OPINION 
          Appellant, Edwin Leiva, pled guilty to aggravated assault without an agreed
recommendation. After a pre-sentence investigation (PSI) report was completed and
a sentencing hearing with testimony was conducted, the trial court found appellant
guilty, entered an affirmative deadly-weapon finding, and assessed punishment at
eight years’ confinement in prison. In three issues, appellant contends that (1) the
trial court reversibly erred by failing to instruct appellant of the deportation
consequences of his guilty plea; (2) appellant received ineffective assistance of
counsel, resulting in an involuntary plea; and (3) the trial court abused its discretion
by denying appellant’s motion for new trial.
          We affirm.
Failure to Admonish Regarding Deportation Consequences of Guilty Plea
          In his first issue, appellant complains that the trial court reversibly erred by
failing to admonish him about the deportation consequences of his guilty plea. 
          Code of Criminal Procedure article 26.13 sets out the admonishments a trial
court must provide a defendant who is pleading guilty or nolo contendere. Tex.
Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004). Among these is the
admonition that, if the defendant is not a citizen of the United States, a plea of guilty
or nolo contendere for the offense charged may result in deportation, the exclusion
from admission to this country, or the denial of naturalization under federal law found
in article 26.13(a)(4). Id. art. 26.13(a)(4). A trial court errs if it accepts a defendant’s
guilty plea without admonishing him of the deportation consequences of his plea. 
Gorham v. State, 981 S.W.2d 315, 318 (Tex. App.—Houston [14th Dist.] 1998, pet.
ref’d); see also Carranza v. State, 980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998)
(finding that trial court did not substantially comply with article 26.13(a)(4) when it
failed to admonish defendant either orally or in writing regarding deportation
consequences of his plea); Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (providing
that trial court shall admonish defendant pleading guilty regarding deportation
consequences).
          The court may make the admonitions required by article 26.13(a) either orally
or in writing. Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2004). The
record in this case contains no written admonitions signed by the defendant. The
transcript from the plea hearing contained in the record shows that the trial court
admonished appellant regarding the range of punishment for the offense of
aggravated assault but makes no mention of the deportation consequences of
appellant’s plea. 
          Despite the absence of any reference at the plea proceeding to the deportation
admonition required by article 26.13(a)(4), some indication exists in the record that
appellant was given such admonition. At the PSI hearing, the following testimony
was given by appellant:
[Appellant’s trial counsel]: [Y]ou remember during the time that Judge
admonished you one of the points he made was that if you’re not a
citizen you could be deported. Do you remember that?
 
[Appellant]: Yes, sir.
Q. Knowing that’s going to be hell to your family, too. Do you know
that?
 
A. Yes, sir.

          We also note that the trial court signed plea papers providing that the trial court
had admonished appellant of the consequences of his plea. The trial court’s judgment
contains similar language. 
          Failure of the trial court to admonish a defendant regarding his deportation
status is non-constitutional error and is, therefore, subject to a harmless error analysis
under Rule of Appellate Procedure 44.2(b). See Carranza, 980 S.W.2d at 656. 
Under this analysis, when there has been no substantial compliance with the
admonishment requirements of article 26.13(a)(4), a defendant is required to show no
more than his unawareness of the consequences of his plea and that he was misled or
harmed by the admonishment of the court. Id. at 658. 
          Regardless of whether the trial court failed to admonish appellant regarding the
deportation consequences of his plea in this case, the record does not show that
appellant was harmed by such failure. Specifically, appellant has failed to show that
he was unaware of the deportation consequences of his plea. To the contrary,
appellant’s own testimony at the PSI hearing demonstrates that he was aware of such
consequences. In addition, the plea papers and the judgment state that appellant was
properly admonished. Thus, the record indicates that appellant understood and knew
he was subject to possible deportation consequences if he pled guilty.
          The record further shows that appellant understood that he would be found
guilty and sentenced accordingly if he pled guilty. Appellant also understood that the
trial court would assess punishment within the applicable punishment range. 
          We hold that, even assuming that the trial court failed to comply with article
26.13(a)(4), any error in failing to do so was harmless. 
          We overrule appellant’s first issue.
Ineffective Assistance of Counsel
          Appellant asserts in his second point of error that he received ineffective
assistance of counsel because his trial counsel misinformed him that, as part of the
plea agreement, the State had agreed to waive a deadly-weapon finding. The plea
papers do not reflect such an agreement; rather, the plea papers only indicate:
“Without a Recommendation–Plea to PSI.” Appellant asserts that the misinformation
he allegedly received from his trial counsel effectively renders his guilty plea
involuntary because his plea was predicated on his understanding that the State was
waiving the deadly-weapon finding.
          In reviewing claims of ineffective assistance of counsel, we employ the
standard of review set out in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999)
(holding Strickland two-prong test applies to ineffective assistance claims throughout
trial). When a defendant challenges the voluntariness of a plea entered upon the
advice of counsel, contending that his counsel was ineffective, the voluntariness of
the plea depends on (1) whether counsel’s advice was within the range of competence
demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable
probability that, but for counsel’s errors, he would not have pled guilty and would
have insisted on going to trial. Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim.
App. 1999). As with other types of ineffective assistance of counsel claims, appellant
has the burden to show, by a preponderance of the evidence, that counsel’s
performance fell below a reasonable standard of competence and that appellant
would, with reasonable probability, have pled not guilty and insisted on going to trial
had he been properly advised. Id. at 858. Here, we need not address the first prong
under Moody because appellant has failed to meet the second prong; that is, appellant
fails to show that, but for counsel’s alleged error, he would not have pled guilty and
would have insisted on going to trial.
          The record reflects that appellant filed an unverified motion for new trial,
asserting that the State had agreed to waive the deadly-weapon finding and that
appellant’s plea had been predicated on such waiver. At the hearing on the motion,
appellant’s trial counsel argued to the trial court that he and the State’s counsel had
an understanding that the deadly-weapon finding would be waived even though such
agreement was not reflected in the plea papers. Counsel also implied that appellant’s
plea was based on this agreement. Neither appellant nor his trial counsel testified as
witnesses at the hearing, and no other evidence was presented to the trial court. Thus,
all that was before the trial court when it decided the motion for new trial was the
unverified motion itself and the unsworn assertions of trial counsel. The trial court
denied the motion, noting, “It matters what it says in the plea papers. The plea papers
don’t say a word about it, no striking out of the language of deadly weapon. There’s
nothing written in there that says the State is going to waive a finding of a deadly
weapon.” 
          Appellant has failed to present a record demonstrating that his plea was made
based on the alleged misinformation supplied by trial counsel. The unsworn
statements made by counsel during argument on the motion for new trial do not
constitute evidence. We have no record in the present case as to what advice trial
counsel gave appellant or how that affected appellant’s decision to plead guilty. 
Nothing is present in the record to suggest why appellant pled, what he relied on,
what role his attorney played in that determination, and why his counsel took
whatever actions he took. In sum, the record does not demonstrate that appellant
would have chosen to go to trial but for the alleged misinformation provided by trial
counsel. See id. Accordingly, appellant has not established that his plea was
involuntary due to ineffective assistance of counsel.
          We overrule appellant’s second issue.
 
Motion for New Trial
          As a corollary to his second point of error, appellant contends in his third point
of error that the trial court erred in denying his motion for new trial. We review the
denial of a motion for new trial under an abuse of discretion standard. Salazar v.
State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). 
          As discussed in the preceding section, appellant presented no evidence in
support of his motion for new trial. Allegations in a motion for new trial are not self-proving. Rios v. State, 510 S.W.2d 326, 328 (Tex. Crim. App. 1974). A trial court
does not err in denying a motion for new trial based on matters outside of the record
if no evidence of those matters is admitted at the motion for new trial hearing. See
id. at 329. Because appellant presented no evidence in support of his motion for new
trial, we hold that the trial court did not abuse its discretion in denying appellant’s
motion.
          We overrule appellant’s third issue.
 

Conclusion 
          We affirm the trial court’s judgment.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).