NO.
12-06-00173-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LADRACIARE
DEMOND JONES,            §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant
Ladraciare Demond Jones appeals his conviction for the offense of aggravated
sexual assault of a child.  In two
issues, Appellant challenges the voluntariness of his guilty plea and asserts
that trial counsel was ineffective.  We
affirm.

 

Background

            Appellant was a member of the West
Side Crips, a criminal street gang operating in Tyler, Texas.  Appellant was also an habitual user of
marijuana.  On May 5, 2004, shortly after
smoking marijuana, Appellant intentionally engaged in sexual intercourse with a
child in the backyard of a home owned by Shirley Wassom.  The child was thirteen years old.  Appellant was caught in the act by Wassom’s
son and subsequently charged with aggravated sexual assault.[1]

            While on bond, Appellant continued
his membership in the West Side Crips and also continued to use marijuana.  During this period, a fellow gang member was
arrested for possession of illegal drugs on campus at a Tyler high school.  This gang member had been arrested based on
information supplied by an informant. 
Appellant, and other members of his gang, hunted down the person whom
they believed to be the informant and assaulted him, causing severe injury to
his eyes.  Appellant was subsequently
charged with engaging in organized criminal activity and retaliation against an
informant.[2]

            Appellant initially maintained that
he was innocent of the sexual assault charge, claiming to have been out of town
at the time.  His counsel suggested that
he undergo a polygraph examination on this issue.  Before the polygraph examination began,
Appellant confessed to the examiner that he had, in fact, engaged in sexual
intercourse with the child.  The examiner
reported Appellant’s confession to the prosecutor’s office.

            Appellant pleaded guilty to the
aggravated assault and retaliation charges.[3]  The trial court found Appellant guilty of
both offenses and sentenced him to thirty years of imprisonment for the
aggravated sexual assault charge and ten years of imprisonment for the
retaliation charge.  Appellant filed a
motion for new trial, which was overruled by operation of law.  Appellant appeals his conviction for
aggravated sexual assault.  He has not
appealed his conviction for retaliation.

 

Failure to Admonish

            In his first issue, Appellant argues
that his guilty plea was involuntary because the trial court did not admonish
him that a conviction for the aggravated sexual assault of a child carried with
it a lifetime requirement that he register as a sex offender.  Appellant does not appeal the omission
itself, but, instead, appeals based upon the constitutional requirements that a
guilty plea be voluntary.

            Article 26.13 of the Texas Code of
Criminal Procedure provides as follows:

 

Prior to accepting a plea of guilty or a plea of nolo
contendere, the [trial] court shall admonish the defendant of:   . . . 
the fact that the defendant will be required to meet the registration
requirements of Chapter 62, if the defendant is convicted or placed on deferred
adjudication for an offense for which a person is subject to registration under
that chapter.   . . .

 








Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon Supp. 2006). 

            Several federal constitutional
rights are involved in a waiver that takes place when a guilty plea is entered
in a state criminal trial. Anderson v. State, 182 S.W.3d 914, 917
(Tex. Crim. App. 2006).  They include the
Fifth Amendment right against compulsory self-incrimination and the Sixth
Amendment rights to be tried by a jury and confront one’s accusers. Id.  The Due Process Clause of the
Fourteenth Amendment sets the standard of voluntariness for a waiver of
these important federal rights. Id. (citing Boykin v.
Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)).  This constitutional standard does not require
a court to admonish a pleading defendant “about every possible consequence of
his plea, direct or collateral, only about those direct consequences that are
punitive in nature.” Id. at 918 (quoting Mitschke
v. State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004)).  The failure to admonish a defendant as to the
non-punitive consequence of mandatory sex offender registration does not
violate the due process clause or render his plea involuntary. Id. (quoting
Mitschke, 129 S.W.3d at 136). 
We overrule Appellant’s first issue.

 

Ineffective Assistance of Counsel

            In his second issue, Appellant
claims that his trial counsel was ineffective. 
According to Appellant, trial counsel represented to him that an oral
agreement had been reached with the prosecutor and that Appellant should plead
guilty based upon this agreement.  He
contends that counsel provided ineffective assistance by advising him to rely
upon this alleged oral agreement. 
Appellant also contends that counsel was ineffective because he made no
attempt to withdraw Appellant’s guilty plea once it became obvious that no such
plea agreement existed or would be honored.

Standard
of Review

            Claims of ineffective assistance of
counsel are evaluated under the two step analysis articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984).  See Hernandez v. State, 988 S.W.2d
770, 772-74 (Tex. Crim. App. 1999).  The
first step requires the appellant to demonstrate that trial counsel’s
representation fell below an objective standard of reasonableness under
prevailing professional norms.  See
Strickland, 466 U.S. at 688, 104 S. Ct. at 2065.  At this step, the appellant must identify the
acts or omissions of counsel alleged to be ineffective assistance and
affirmatively prove that they fell below the professional norm for
reasonableness.  See McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  In this regard, an appellant is required to
establish his claims by a preponderance of the evidence.  Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000).  Further, a
reviewing court will not find ineffectiveness by isolating any portion of trial
counsel’s representation, but will judge the claim based on the totality of the
representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

            Under the second step of the Strickland
analysis, the appellant must show prejudice from the deficient
performance of his attorney. See Hernandez, 988 S.W.2d at
772.  To establish prejudice, an
appellant must prove that but for counsel's deficient performance, there is a
reasonable probability that the result of the proceeding would have been
different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.  A “reasonable
probability” was defined by the Supreme Court as a “probability sufficient to
undermine confidence in the outcome.” Id.

Discussion

            An appellant is required to
establish his ineffective assistance claims by a preponderance of the
evidence.  Tong, 25 S.W.3d
at 712.  To establish the facts he relies
upon to prove ineffectiveness, Appellant points to three affidavits, two of
which were attached to Appellant’s motion for new trial and one that was
attached to the State’s response to the motion. 
Because no hearing was held on the motion for new trial, these
affidavits were never admitted as evidence and, therefore, we cannot consider
them as evidence of the events surrounding the alleged plea agreement.  See Rios v. State, 510 S.W.2d
326, 328-29 (Tex. Crim. App. 1974) (op. on reh’g); Adams v. State,
765 S.W.2d 479, 481-82 (Tex. App.–Texarkana 1988, pet. ref’d) (applying Rios
and thus refusing to consider as evidence affidavits attached to a
response to a motion for new trial because the affidavits had not been entered
into evidence at a proper hearing).  The
record does not include any evidence of the acts or omissions Appellant relies
upon to establish his claims and, thus, he has not met his burden under the
first step of the Strickland analysis.  See id.  We overrule Appellant’s second issue.

 

 

Disposition

            We affirm the trial
court’s judgment.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered March 7, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006).





[2] See Act of
May 22, 2003, 78th Leg., R.S., ch. 641, 2003 Tex. Gen. Laws 2046 (amended 2005)
(current version at Tex. Pen. Code Ann. §
71.02 (Vernon Supp. 2006)); Tex.
Pen. Code Ann. § 36.06 (Vernon Supp. 2006). 





[3] The organized criminal activity charge was left unadjudicated, but was
considered by the trial court when determining the sentence for the other
charges. See Tex. Pen. Code Ann. §
12.45 (Vernon 2003).